No. ——

First Circuit

## WARD v. KANSAS CITY SOUTHERN RAILWAY CO.

(January 5, 1928. Opinion and Decree.)
(February 15, 1928. Rehearing Refused.)

(*Syllabus by the Editor*)

1. Louisiana Digest—Appeal—Par. 625.
The finding of the trial court on matters of fact, namely, negligence of railway company in allowing rain to damage contents of a trunk and amount of damage done, not being manifestly erroneous, is affirmed.

Appeal from the District Court, Parish of Vernon. Hon. Hal. A. Burgess, Judge.

Action by Mrs. Emma · Ward against Kansas City Southern Railway Company.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Ferguson & Newman, of Leesville, attorneys for plaintiff, appellee.

Pujo, Bell & Hardin, of Leesville, attorneys for defendant, appellant.

ELLIOTT, J. Mrs. Emma Ward claims $179.80 of the Kansas City Southern Railway Company on account of the value of clothing and injury to a trunk.

She alleges that a trunk and clothing belonging to her was shipped over defendant's railroad, and, while in defendant's possession, was exposed to a rain. That her clothing inside and the trunk itself was badly damaged as a result of the wetting.

Defendant admits receiving and transporting the trunk to Leesville, La., but denies that it was, while in its possession, exposed to rain, and alternatively denies that plaintiff was damaged to the extent claimed.

The evidence shows with reasonable certainty that the trunk was exposed to a rain after it arrived at Leesville and that the clothing and trunk were damaged as a result; but responsibility for the wetting and the extent of the damage is not so easily arrived at. The trunk arrived at Leesville during the evening of October 23rd, 1926. It was one of the make known as a steamer wardrobe. This make is flat and can be stood up on end. It rained heavily during the day, morning and evening, and was raining when the train arrived. Mr. Adams, warehouseman,

who received the trunk from defendant's other agent at the depot, says that it was drizzling at the time he delivered it to Mr. Kay, the transfer man who received it for the plaintiff, and that it commenced raining hard within four or five minutes afterwards. Mr. Kay, however, was sure that it had cleared up and stopped raining at the time he received the trunk. He says that he delivered the trunk within five or six minutes after he received it, and that it did not rain after he got it, nor while he had it.

The evidence on the subject is conflicting, but the facts and circumstances have led us to the conclusion that the trunk was exposed to the rain while in the possession of the defendant, on the platform, after it arrived at Leesville and before it was placed in the depot.

It was necessary, in order for the rain to have gotten inside the trunk, that it either have been stood up endwise, or laid flat upside down. We think this is what was done, either just before or while it was on the platform.

We are not satisfied that the lower court erred in deciding the case in favor of the plaintiff, nor can we say that the amount allowed should be reduced.